IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-00316-MSK-BNB

TRUSTEES OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND,
TRUSTEES OF THE COLORADO CEMENT MASONS' APPRENTICE TRUST FUND, and
TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND,

    Plaintiffs,

v.

JANET A. PELLEGRINI, an individual,
MARK PELLEGRINI, an individual, and
JANET A. PELLEGRINI and MARK PELLIGRINI d/b/a MTS CONCRETE, an unincorporated entity,

    Defendants.

---

### ORDER DENYING MOTION TO DISMISS
---

**THIS MATTER** comes before the Court pursuant to Defendant Janet Pellegrini's Motion to Dismiss **(# 31)**, and the Plaintiffs' response **(# 36)**.

The Motion is denied for several reasons. First, Defendant Janet Pellegrini, appearing *pro se*, moves to dismiss the claims against Defendant Mark Pellegrini. As a *pro se* party, Janet Pellegrini may respond to the claims against her, but she may not file motions or seek relief on behalf of another party. *See e.g. Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir.2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). Second, the Motion does not comply with various procedural

requirements. For example, the Motion is not signed by Defendant Janet Pellegrini, *see* Fed. R. Civ. P. 11(a); is not in the format required by this Court's Practice Standards[1]; and the factual assertions made by Defendant Janet Pellegrini are not sworn to or accompanied by the declaration required by 28 U.S.C. § 1746. Although the Court is mindful of Defendant Janet Pellegrini's *pro se* status and lack of legal training, and it liberally construes her pleadings in light of that lack of training, such status does not excuse her from the obligation of complying with all procedural rules and the requirements of substantive law. *See e.g. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Finally, the Motion fails on its face. In construing a Motion to Dismiss, the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall*, 241 F.3d 1267, 1270 (10th Cir. 2001). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached

---

[1] Copies of the Court's Practice Standards are available from the Clerk's Office or online at www.cod.uscourts.gov/judges/msk_ps_civ.pdf.

documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

Here, the Complaint alleges that Defendant Mark Pellegrini is an owner of Defendant MTS Concrete. Although Defendant Janet Pellegrini may dispute the accuracy of that claim, for purposes of a Motion to Dismiss, the Court must accept the Plaintiffs' assertion as true. If, as the Court must assume at this stage, Defendant Mark Pellegrini is an owner of Defendant MTS Concrete, the Plaintiffs have stated a claim against him under ERISA, 29 U.S.C. § 1145. Defendant Janet Pellegrini's attachment of business registration records does not alter this analysis. Leaving aside issues relating to the lack of an evidentiary foundation for such a submission, the Court cannot consider such documents on a motion to dismiss, as they were neither attached to the Complaint nor referenced within it. (Indeed, the documents appear to contradict the Plaintiffs' assertion that Defendant MTS Concrete is an unincorporated business entity not registered with the State of Colorado. Again, the Court must accept the Plaintiffs' factual assertions as true for purposes of a motion to dismiss, although the Plaintiffs have a reciprocal obligation under Rule 11 to continually assess the factual accuracy of the assertions in the Complaint.) It is possible that the Defendants may ultimately establish that Defendant Mark Pellegrini does not have any ownership interest in the corporate entity, but such a matter must await a proper motion at a later stage of this action.

For the foregoing reasons, Defendant Janet Pellegrini's Motion to Dismiss **(# 31)** is

**DENIED**.      Dated this 5th day of July, 2005

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge